IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
DIVISION

| | |
|---|---|
| IN RE: GEORGE DAVID GREEN | CHAPTER 7 |
| Debtor, | |
| | CASE NO. 07-05915-TBB7 |
| DORAND DEVELOPMENT, | |
| LIMITED LIABILITY COMPANY | |
| Plaintiff, | |
| VS. | ADV. PROC. NO. ____ |
| GEORGE DAVID GREEN, | |
| Debtor/Defendant. | |

## COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3), (4), (5), (7) AND TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6):

COMES NOW the Plaintiff, Dorand Development, Limited Liability Company, by and through its attorney, Charles M. Ingrum, Jr., and files this COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3), (4), (5), (7) AND TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6) as follows:

### JURISDICTION AND VENUE

1. This Court has proper and personal jurisdiction over this action, the subject matter hereof and the parties hereto pursuant to 28 U.S.C. §§157, 151, and 1334 and 11 U.S.C. §§ 105, and 523, as well as Bankruptcy Rule 7001(4) and (6).

2. This is a core proceeding within the meaning of 28 U.S.C. §157.

3. Venue is proper pursuant to 28 U.S.C. § 1409 in that this is an action arising in or related to a proceeding arising under Title 11 of the U.S. Code which is pending in this District.

## PARTIES

4. George David Green (hereinafter "the Debtor") is the same who filed for relief under the United States Bankruptcy Code with the Northern District of Alabama, on or about the 28th day of December, 2007.

5. Dorand Development, Limited Liability Company (hereinafter "Dorand") is a limited liability company registered to conduct business in the State of Alabama.

## CLAIM FOR RELIEF COUNT I -11 USC §727(a)(3), (4), (5), (7) DENIAL OF DISCHARGE

6. On or about September 11, 2006, Dorand entered into an agreement to become a fifty percent (50%) member in Glenwood-The Bluffs at Copper Creek, LLC, an Alabama Limited Liability Company.

7. The manager of Glenwood-The Bluffs at Copper Creek, LLC, was Glenwood Development Company, LLC, an Alabama Limited Liability Company, of which Debtor has one-half interest.

8. The Debtor was a 13.33% member of Glenwood-The Bluffs at Copper Creek, LLC, and a manager of Glenwood Development Company, LLC.

9. Over the course of fourteen months, Dorand infused approximately $1,800,000.00 in operating capital into Glenwood-The Bluffs at Copper Creek, LLC, managed by the Debtor as manager of Glenwood Development Company, LLC that is to this date unaccounted for.

10. Dorand has repeatedly asked for an accounting of these monies since October, 2007. These request have not been satisfactorily answered.

11. Dorand reasonably believes, that after discovery, the evidence will show that the Debtor is not entitled to Discharge under 11 U.S.C. §727.

WHEREFORE THESE PREMISES CONSIDERED, Dorand respectfully request this Honorable Court for an Order Denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(3), (4), (5), (7).

## CLAIM FOR RELIEF COUNT II -11 USC §523(a)(2)(A) FALSE PRETENSES, FALSE REPRESENTATION, OR ACTUAL FRAUD

12. Dorand realleges all allegations in paragraphs 1-11 above.

13. Dorand reasonably believes that after discovery, the evidence will show false pretenses, false representation, or actual fraud sufficient to deny the Debtor's discharge of this debt.

WHEREFORE THESE PREMISES CONSIDERED, Dorand respectfully request this Honorable Court for an Order denying the Debtor's discharge of Dorand's approximate $1,800,000.00 debt under 11 U.S.C. §523(a)(2)(A).

## COUNT III – 523(a)(4) DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

14. Dorand realleges all allegations in paragraphs 1-13 above.

15. Dorand reasonably believes, that after discovery, the evidence will show defalcation while acting in a fiduciary capacity sufficient to deny the Debtor's discharge of this debt.

WHEREFORE THESE PREMISES CONSIDERED, Dorand respectfully request this Honorable Court for an Order denying the Debtor's discharge of Dorand's approximate $1,800,000.00 debt under 11 U.S.C. §523(a)(4).

## COUNT IV – 523(a)(4) EMBEZZLEMENT

16. Dorand realleges all allegations in paragraphs 1-15 above.

17. Dorand reasonably believes, that after discovery, the evidence will show embezzlement sufficient to deny the Debtor's discharge of this debt.

WHEREFORE THESE PREMISES CONSIDERED, Dorand respectfully request this Honorable Court for an Order denying the Debtor's discharge of Dorand's approximate $1,800,000.00 debt under 11 U.S.C. §523(a)(4).

## COUNT V – 523(a)(6) WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO THE PROPERTY OF ANOTHER ENTITY

18. Dorand realleges all allegations in paragraphs 1-17 above.

19. Dorand reasonably believes, that after discovery, the evidence will show willful and malicious injury by the Debtor to the property of another entity sufficient to deny the Debtor's discharge of this debt.

WHEREFORE THESE PREMISES CONSIDERED, Dorand respectfully request this Honorable Court for an Order denying the Debtor's discharge of Dorand's approximate $1,800,000.00 debt under 11 U.S.C. §523(a)(6).

Respectfully Submitted this the ___ day of _____, 2008.

/s/ Charles M. Ingrum, Jr.
Charles M. Ingrum, Jr. (ING-028)
Attorney for Plaintiff
P.O. Box 229
Opelika, Alabama 36803-0142
Telephone Number: (334) 745-3333
Facsimile Number: (334) 745-3155
charlesingrumjr@bellsouth.net

Of Counsel:
James H. Greer
Key, Greer, Frawley, Key & Harrison
Post Office Box 360345
Birmingham, Alabama 35236
205-987-2211