UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**In re:**  Case **No:** 07-05915-TBB7
George David Green  **Chapter** 7
    Debtor(s)

Dorand Development, LLC

    Plaintiff,

vs.  **AP No:** 08-00067-TBB

George David Green,

    Defendant.

### DEFENDANT GEORGE DAVID GREEN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

    COMES NOW Defendant, George David Green ("Defendant" or "Green"), and answers as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Based on information and belief, admitted.
6. Admitted.
7. Admitted.
8. Denied.
9. Denied.

1

10. Denied.

11. Denied.

12. Defendant adopts herein his responses to paragraphs 1-11.

13. Denied.

14. Defendant adopts herein his responses to paragraphs 1-13.

15. Denied.

16. Defendant adopts herein his responses to paragraphs 1-15.

17. Denied.

18. Defendant adopts herein his responses to paragraphs 1-17.

19. Denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, and each and every count thereof, fails to state a claim on which relief may be granted.

2. The claims asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

3. The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of acquiescence and ratification.

4. The claims asserted in the Complaint are barred, in whole or in part, by one or more of the terms of the written documents applicable to the parties' respective interests.

5. The claims asserted in the Complaint are barred by the statute of frauds.

6. Defendant denies each and every material allegation of the Complaint.

7. Plaintiff has failed to mitigate its damages, if any.

8. Plaintiff lacks standing to pursue its claims.

9. Plaintiff has failed to meet certain conditions precedent before filing the present lawsuit.

10. Plaintiff waived its claims.

11. Plaintiff's claims are barred, in whole or in part, by its own contributory negligence.

12. Plaintiff's claims are or may be subject to the legal defenses of waiver, estoppel, and laches.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of payment and/or release.

15. Plaintiff's claims are barred by the doctrine of unclean hands.

16. Plaintiff has failed to join necessary and indispensable parties.

17. Defendant has at all times acted in good faith and in accordance with reasonable business judgment.

18. Plaintiff assumed the risk that its damages, to the extent any exist, would occur.

19. Plaintiff has not suffered any injury or damage by reason of any act or omission of Defendant.

20. Plaintiff's claims against Defendant are barred because the alleged damages were caused by acts or omissions of a person or entity other than Defendant for which Defendant has no responsibility.

21. Defendant expressly denies that any injuries or damages alleged by Plaintiff were the legal or proximate result of any acts or omissions on the part of Defendant.

22. Defendant denies Plaintiff was damaged to the extent and nature claimed, and contests the damages.

23. If Plaintiff sustained injuries or incurred expenses, those injuries and expenses were caused, in whole or in part, or were contributed to, by the acts or omissions of Plaintiff or others for whose conduct Defendant are not responsible and whose conduct Defendant had no reason to anticipate.

24. There is no causal relationship between any acts or omissions of Defendant and Plaintiff's alleged damages.

25. Plaintiff's claims are barred by collateral estoppel.

26. Defendant lacked the requisite knowledge and failed to consent.

27. Any agreements between Plaintiff and Defendant are void and/or voidable.

28. Defendant's actions were justified.

29. Plaintiff's claims are preempted by federal law.

4

30. Defendant affirmatively pleads the defense of discharge in bankruptcy.

31. Defendant affirmatively pleads the defense of failure of consideration.

32. Defendant affirmatively pleads the defense of fraud.

33. Defendant specifically denies that he has engaged in fraud in any manner and further states that Plaintiff has failed to state these claims with particularity as is required under Rule 9 of the Federal Rules of Civil Procedure.

### DEFENDANT GEORGE DAVID GREEN'S STATEMENT OF FACTS IN SUPPORT OF HIS AFFIRMATIVE DEFENSES AGAINST DORAND DEVELOPMENT, LLC

In support of the Affirmative Defenses listed above, Defendant George David Green ("Green") provides the following Statement of Facts:

1. Green commenced the above bankruptcy case in this Court on December 28, 2007.

2. On March 24, 2008, Dorand Development, LLC ("Dorand") brought as an adversary proceeding its Complaint to Deny Discharge Pursuant to 11 U.S.C. § 727(a)(3), (4), (5), (70) and to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6).

3. This is a core proceeding within the meaning of 28 U.S.C. § 157.

4. Venue is proper pursuant to 28 U.S.C. § 1409 in that this is an action arising in or related to a proceeding which is pending in this District under Title 11 of the U.S. Code.

5. On September 11, 2006 Glenwood – The Bluffs at Copper Creek, LLC ("Glenwood -The Bluffs") was formed. The purpose of Glenwood – The Bluffs was to acquire, hold, maintain, operate, develop, sell, improve, lease or otherwise invest in the real estate development project in Tallapoosa County, Alabama, referred to as Glenwood – The Bluffs at Copper Creek.

6. The initial members of Glenwood - The Bluffs were Dorand, Lee Carroll ("Carroll"), Green, Scott Howell, Dan Walters and Dixon Dorand.

7. Dorand had a fifty percent (50%) interest in Glenwood – The Bluffs. As part of the creation of Glenwood – The Bluffs, Dorand, through its members, represented that it had the financial capacity to and would provide all of the necessary funding, financing and/or liquidity to adequately fund the real estate development of Glenwood – The Bluffs at Copper Creek to ensure its success. Carroll and Green, both of whom were minority members of Glenwood – The Bluffs, relied on Dorand's representations and agreed to become members in Glenwood – The Bluffs. As members of Glenwood – The Bluffs, Carroll and Green agreed to assist in the development of Glenwood – The Bluffs at Copper Creek.

8. Glenwood Development Company, LLC was the manager of Glenwood – The Bluffs. Green was a member of Glenwood Development Company, LLC.

9. Based on information and belief, Rodney D. Dorand, Kyle Dorand, Leigh Dorand and Dixon Dorand are the members of Dorand.

10. Prior to Dorand inquiring about the opportunity to be involved in the project of Glenwood – The Bluffs at Copper Creek, Carroll and Green had another interest investor with adequate capital, funding and liquidity to become a member in Glenwood – The Bluffs and to successfully fund the project at Glenwood – The Bluffs at Copper Creek.

11. Rather than risk being left out of the project at Glenwood – The Bluffs at Copper Creek, the members of Dorand, and, in particular, Rodney D. Dorand and Dixon Dorand, specifically represented to Carroll and Green that Dorand was knowledgeable about and had experience in real estate development. They specifically represented that they understood the potential costs involved in a complex real estate development and represented to Carroll and Green that Dorand had adequate financial resources and liquidity to fund the project in a timely manner or to obtain financing in a timely manner for Glenwood – The Bluffs at Copper Creek as the development project progressed.

12. Based on the representations of Dorand, though its members, that it had adequate financial resources and liquidity to fund or, at a minimum, obtain financing for, a complex real estate development such as Glenwood – The Bluffs at Copper Creek, and based on an initial cash contribution from Dorand, Carroll and Green no longer pursued investment from the other investor who had adequate funding, financing, and liquidity to successfully fund the project of Glenwood – The Bluffs at Copper Creek.

13. Dorand, through its members, misrepresented and/or suppressed the

true and correct financial condition and capabilities of Dorand both before Dorand became a member of Glenwood – The Bluffs and after Dorand became a member of Glenwood – The Bluffs.

14. Green was fraudulently induced by these representations and suppressions to allow Dorand to become a member of Glenwood – The Bluffs. Green was also fraudulently induced to guarantee loans that Dorand could not repay.

15. Despite the promises, representations, and agreement to do so by its members, Dorand failed to provide the funding, financing and/or liquidity necessary to ensure the success of Glenwood – The Bluffs at Copper Creek. Specifically, Dorand failed to provide adequate operating capital, funding, and/or financing for operating expenses, development costs, and interest payments due related to Glenwood – The Bluffs at Copper Creek.

16. As a result of Dorand's misrepresentations and failure to provide adequate and timely funding, financing and/or liquidity to Glenwood – The Bluffs, the project of Glenwood – The Bluffs at Copper Creek failed, resulting in financial loss to Carroll, Green, and Glenwood – The Bluffs.

17. As more particularly set forth above, Dorand, through its members, intentionally, willfully, wantonly, recklessly, negligently, and/or innocently misrepresented material facts to and suppressed information from Green including, but not limited to, its financial assets and liabilities and its ability to adequately fund the project of Glenwood – The Bluffs at Copper Creek, and induced him to

8

act or refrain from acting.

18. Dorand, through its members, made these misrepresentations with knowledge that they were false or with reckless disregard for whether they were true or not.

19. Further, Dorand, through its members, suppressed information from Green despite being under a duty to disclose that information to Green.

20. The above representations and suppressions were made with the intent to deceive.

21. In reliance upon the representations made by Dorand, through its members, Green entered into the subject agreement and expended time, money, and resources.

22. As a direct and proximate result of Dorand's unlawful and fraudulent conduct, Green has been and continues to be damaged.

23. Furthermore and in an effort to induce Green to enter into the subject agreement, Dorand, through its members, intentionally, willfully, wantonly, recklessly, negligently, and/or innocently misrepresented material facts to and suppressed information from Green including, but not limited to, its financial assets and liabilities and its ability to adequately fund the project of Glenwood – The Bluffs at Copper Creek. At the time Dorand, through its members, made the above misrepresentations and suppressions, it intended to deceive Green and never intended to act in the manner described in the statements made by its members.

24. In reliance upon the representations made by Dorand, through its

members, Green entered into the subject agreement and expended time, money, and resources.

25. As a direct and proximate result of Dorand's unlawful and fraudulent conduct, Green has been and continues to be damaged.

26. Dorand, as a member of Glenwood – The Bluffs, owed a fiduciary duty to Glenwood – The Bluffs and, as a result, owed a fiduciary duty to Green as a member.

27. Dorand, through its members, breached this duty when it failed to advance funds and/or financing in the interest of Glenwood – The Bluffs.

28. Green suffered damage as a result of this breach.

                                          */s/ Sam David Knight*
BRUCE L. GORDON (GOR 004)
SAM DAVID KNIGHT (KNI 023)
JOHN G. DANA (DAN 037)
J. BRANNON MANER (MAN 053)
Attorneys for Defendant George David Green

**OF COUNSEL:**
GORDON, DANA, STILL, KNIGHT & GILMORE, LLC
600 University Park Place
Suite 100
Birmingham, Alabama 35209
Telephone: (205) 874-7950
Facsimile: (205) 874-7960
bgordon@gattorney.com
sdknight@gattorney.com
jdana@gattorney.com
bmaner@gattorney.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Charles M. Ingrum, Jr.
J. Brandon Rice
P.O. Box 229
Opelika, Alabama 36803-0142
Telephone: (334) 745-3333
Facsimile: (334) 745-3155
charlesingrumjr@bellsouth.net
jbrandonrice@bellsouth.net

James Houston Greer
Key, Greer, Frawley, Key & Harrison
PO Box 360345
Birmingham, Alabama 35236-0345
Telephone: (205) 987-2211
Facsimile: (205) 403-3491
jgreer@keygreer.com

      I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

    NONE.

                                            */s/ Sam David Knight*
                                              OF COUNSEL

GDSKG: 2406-0002

11

Case 08-00067-TBB    Doc 15    Filed 06/20/08    Entered 06/20/08 16:08:33    Desc Main
Document    Page 11 of 11